# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA CARE, L.L.C. d/b/a MINERS MEDICAL CENTER, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY BOROUGH and MIKE COLLINS, in his individual and official capacities, <br><br> Defendants. | CIVIL ACTION NO. 3:10-CV-956 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is the defendants' motion to dismiss. (Doc. No. 6.) For the reasons explained below, the parties will be ordered to submit evidence and briefing on the issue of ripeness.

The plaintiff in this matter is a limited liability company which operates a methadone treatment facility in Ashley Borough, Pennsylvania. In its complaint, the treatment facility alleges that the borough and its zoning officer engaged in various actions, including ordering the facility to shut down, in violation of its rights. The facility brings due process and equal protection claims under 42 U.S.C. § 1983, and discrimination claims under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

The borough and its zoning officer jointly move to dismiss. Their motion and exhibits suggest that the treatment facility never obtained a zoning permit and that there is a pending hearing before the zoning board.

In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record."

*Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because federal jurisdiction may depend on certain facts, the district court is not limited to the face of the pleadings when its subject matter jurisdiction is at issue. *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 410 n.10 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). "Rather, as long as the parties are given an opportunity to contest the existence of federal jurisdiction, the district court 'may inquire, by affidavits or otherwise, into the facts as they exist.'" *Id.* (quoting *Land*, 330 U.S. at 735 n.4).

The ripeness of a land use dispute is jurisdictional in nature. *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). The plaintiff has the "high burden" of proving that such a dispute is ripe. *See id.* "[C]onsiderations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte* even though the parties do not." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (citing *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir. 1988)).

In *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), the Supreme Court developed specific ripeness requirements applicable to land use disputes. The Court was presented with whether the application of zoning laws to the property at issue amounted to a Fifth Amendment taking, but held it lacked jurisdiction because the claim was not ripe. *Id.* at 186. The Court held that the claim could not be ripe "until the government entity charged with implementing the regulation has reached a final decision regarding the application of the regulations to the property at issue." *Id.*

Although *Williamson County* was decided in the context of a Fifth Amendment regulatory taking claim, the courts have applied its reasoning to land use disputes involving

other claims. *See Murphy*, 402 F.3d at 350 (First Amendment Free Exercise claim and RLUIPA claim); *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285 (3d Cir. 1993) (claims brought under 42 U.S.C. § 1983 for violations of the Due Process and Equal Protection Clauses).

Requiring a plaintiff to obtain a final decision from a local land use authority serves four purposes. *Congregation Anshei Roosevelt v. Planning & Zoning Bd. of Roosevelt*, 338 F. App'x 214, 217 (3d. Cir. 2009) (citing *Murphy*, 402 F.3d at 348). First, this requirement helps to develop a full record. *Id.* Second, a final decision informs the court how regulations will be applied to the property at issue. *Id.* Third, the local authority may give the claimant the relief he seeks, obviating the need for the court to decide the dispute on constitutional grounds. *Id.* Finally, "[r]equiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution." *Murphy*, 402 F.3d at 348 (citing *Taylor Inv., Ltd.*, 983 F.2d at 1291).

Indeed, the court of appeals has stressed the importance "of the finality requirement and [its] reluctance to allow the courts to become super land-use boards of appeals. Land-use decisions concern a variety of interests and persons, and local authorities are in a better position than the courts to assess the burdens and benefits of those varying interests." *Congregation Anshei Roosevelt*, 338 F. App'x at 219 (quoting *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 598 (3d Cir. 1998)).

In line with the foregoing principles, the Court raises the issue of ripeness *sua*

*sponte.*[1] The parties are directed to submit evidence and supporting briefs as to the ripeness of this dispute within fourteen days from the date of the Court's order. The parties are advised to explain whether entertaining this action would comport with the prudential principles laid down by the Supreme Court in *Williamson County*. An appropriate order follows.

November 30, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[1] The defendants used the word ripeness once in their motion (generally stating, in paragraph 19, "Defendants raise both abstention and ripeness."). (Doc. No. 6 at 3.) However, a discussion of ripeness appears nowhere in their accompanying brief, Doc. No. 7, so the court raises the issue on its own motion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA CARE, L.L.C. d/b/a MINERS MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY BOROUGH and MIKE COLLINS, in his individual and official capacities,<br><br>Defendants. | NO. 3:10-CV-956<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 30th day of November, 2010, **IT IS HEREBY ORDERED** that the parties submit evidence and supporting briefs to this Court as to whether this dispute is ripe in accordance with the Court's Opinion fourteen (14) days from the date of this Order.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge